**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

————————————————————————

|  |  |  |
|---|---|---|
| CAUSE OF ACTION INSTITUTE | ) | |
| 1875 Eye Street, N.W., Suite 800 | ) | |
| Washington, D.C. 20006, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 1:17-cv-741 |
|  | ) | |
| UNITED STATES DEPARTMENT OF DEFENSE | ) | |
| 1400 Defense Pentagon | ) | |
| Washington, D.C. 20301, | ) | |
|  | ) | |
| Defendant. | ) | |

————————————————————————

## COMPLAINT

1.      Plaintiff Cause of Action Institute ("CoA Institute") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to records maintained by Defendant Department of Defense ("DOD"). These records concern former Secretary of Defense Ashton Carter's use of a personal email account for official business, his possible use of other non-governmental accounts and devices, and DOD's efforts to retrieve or retain records created by Secretary Carter, as required under federal records management laws.

2.      Although DOD purported to issue a final determination on the FOIA request at issue in this case, CoA Institute appealed the production of records as incomplete. CoA Institute won that administrative appeal in May 2016, but since that time, DOD has failed to issue a final determination on or produce all responsive records. In doing so, DOD has withheld records to which CoA Institute has a right and that serve the public interest in transparent and accountable government.

## JURISDICTION AND VENUE

3.      Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

5.      CoA Institute is a 501(c)(3) non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair.  In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability.  It regularly requests access under the FOIA to the public records of federal agencies, entities, and offices, including DOD, and disseminates its findings, analysis, and commentary to the general public.

6.      DOD is an agency within the meaning of 5 U.S.C. § 552(f)(1).  It has possession, custody, and/or control of records to which CoA Institute seeks access and which are the subject of this Complaint.

## FACTS

7.      On December 16, 2015, *The New York Times* reported that then-Secretary of Defense Ashton Carter used a personal email account to conduct official business in violation of DOD policies for at least two months at the outset of his tenure at the agency.  *See* Michael S. Schmidt, *Defense Secretary Conducted Some Official Business on a Personal Email Account*, N.Y. Times, Dec. 16, 2015, http://goo.gl/pnWJvM.  After the White House Chief of Staff was made aware of Secretary Carter's practice, the Office of the White House Counsel contacted DOD to determine why Secretary Carter was "relying on the personal account." *Id.*  In response to the news report, Secretary Carter admitted "that he had been wrong to use the personal [email] account." *Id.*

8.     Concerned that Secretary Carter may have intended to use his personal email account to avoid transparency laws and conceal controversial communications from oversight, CoA Institute submitted a FOIA request to DOD on December 18, 2015.  The request sought access to the following records:

1.     All records of official agency business created or received by Secretary Carter on any personal email account;

2.     All records of official agency business created or received by Secretary Carter via text or instant message on any personal device, including, but not limited to, messages created or received by Short Message Service, Multimedia Messaging Service, BlackBerry Messenger, Google Chat/Hangouts, or Facebook Messenger;

3.     All communications between any official from DOD or the Executive Office of the President (including, but not limited to, the Office of the White House Counsel or the Office of the President) and Secretary Carter concerning the use of personal devices or accounts for official agency business, whether generally or specifically with respect to Secretary Carter's personal devices and accounts;

4.     All records relating to DOD's efforts to retrieve and/or retain agency records created or received by Secretary Carter on his personal devices or accounts; and,

5.     All records reflecting notification by DOD to the Archivist of the United States pursuant to 44 U.S.C. § 3106 concerning agency records created or received by Secretary Carter on his personal devices or accounts.

Ex. 1 at 1–2.

9.     CoA Institute requested expedited processing of its request, *id.* at 2–3, as well as a public interest fee waiver and classification as a representative of the news media for fee purposes.  *Id.* at 3–5.

10.     As part of its request, CoA Institute also notified Secretary Carter of his obligation under the Federal Records Act to ensure that all work-related records created or received on his personal accounts and devices were retained or, if necessary, retrieved by DOD. *Id.* at 6–8; *see* 44 U.S.C. § 3106(a).

3

11.     DOD received CoA Institute's FOIA request on December 24, 2015, assigned it tracking number 16-F-0338, granted CoA Institute's fee category and expedited processing requests, and indicated that DOD would be require an extension of its response deadline due to "unusual circumstances." Ex. 2.  The agency did not issue a fee waiver determination because it did "not believe that fees will be an issue." *Id.*

12.     By email, dated December 29, 2015, CoA Institute clarified the timeframe for its request as "February 17, 2015 to the present" and requested that DOD "construe the term 'present' to mean the date on which [DOD's FOIA] office begins its search." Ex. 3.

13.     DOD issued a final response to CoA Institute's FOIA request by letter, dated April 6, 2016.  Ex. 4.  The agency indicated that "[b]ecause [it] received numerous FOIA requests for emails sent to or from the personal e-mail accounts of Secretary Carter," it had already "conducted a search . . . for **all** emails sent to or from Secretary Carter's personal email account between February 1, 2015 and January 1, 2016." *Id.*  Portions of these emails were redacted and the remaining non-exempt records were posted to DOD's FOIA Reading Room.  *Id.* In addition to providing a link to the reading room, DOD determined that "[t]here were no additional records located in response to Items 2-5 of [CoA Institute's] request." *Id.*

14.     By letter, dated April 27, 2017, CoA Institute appealed DOD's determination that there were no records responsive to Items Two through Five of CoA Institute's FOIA request. Ex. 5.  CoA Institute did "not contest the reasonableness of [DOD's] search as applied to Item One," but argued that the agency's search was inadequate for the remainder of the request items. *Id*. at 2.  Indeed, it appeared that DOD had merely searched for records responsive to Items Two through Five *within* the emails responsive to Item One; it made no effort to conduct unique searches for Secretary Carter's text or instant messages, records of communications with the

White House, or records about DOD's compliance with the Federal Records Act, among other things.  *Id*. at 2–4.

15.     DOD received CoA Institute's administrative appeal on April 29, 2016.  Ex. 6.

16.     By letter, dated May 9, 2016, DOD granted CoA Institute's appeal and remanded the underlying request to DOD's Office of Freedom of Information with an order that the component "conduct a new search for records that may be responsive to items 2-5."  Ex. 7.

17.     To date, DOD has not completed the supplemental searches required under the appeal determination.  The agency has provided numerous estimated dates of completion, and it now expects to issue a determination by May 1, 2017.  Ex. 8.  "[T]his date is subject to change," however, as it is "possible that more time will be required."  *Id*.

## COUNT I
### Violation of the FOIA: Failure To Comply with Statutory Requirements

18.     CoA Institute repeats all of the above paragraphs.

19.     The FOIA requires an agency to accept and process any request for access to agency records that (a) "reasonably describes such records," and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed[.]"  5 U.S.C. § 552(a)(3)(A).

20.     The FOIA further requires an agency to respond to a valid request within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days.  *Id.* § 552(a)(6)(A)–(B).  If an agency requires additional time, the FOIA mandates that the agency provide the requester "an opportunity to arrange with the agency an alternative time frame for processing the request[.]"  *Id.* § 552(a)(6)(B)(ii).

21.     CoA Institute's FOIA request seeks access to agency records maintained by DOD, reasonably describes the records sought, and otherwise complies with the FOIA and applicable DOD regulations.

22.     DOD has failed to issue a final determination on or produce records responsive to the outstanding portions of CoA Institute's FOIA request within the applicable FOIA time limits.

23.     CoA Institute has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

## RELIEF REQUESTED

WHEREFORE, CoA Institute respectfully requests and prays that this Court:

a.      Order DOD to process Items Two through Five of CoA Institute's December 18, 2015 FOIA request and to issue a determination within twenty (20) business days of the date of the Order;

b.      Order DOD to produce all responsive records promptly upon issuing its final determination on the remaining portions of the December 18, 2015 FOIA request;

c.      Award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

d.      Grant such other relief as the Court may deem just and proper.

//

//

Dated:  April 21, 2017                    Respectfully submitted,

                                          */s/ Ryan P. Mulvey*
                                          Ryan P. Mulvey
                                          D.C. Bar No. 1024362
                                          R. James Valvo, III
                                          D.C. Bar No. 1017390
                                          Lee A. Steven
                                          D.C. Bar No. 468543

                                          CAUSE OF ACTION INSTITUTE
                                          1875 Eye Street, N.W., Suite 800
                                          Washington, D.C. 20006
                                          Telephone: (202) 499-4232
                                          Facsimile: (202) 330-5842
                                          ryan.mulvey@causeofaction.org
                                          james.valvo@causeofaction.org
                                          lee.steven@causeofaction.org

                                          *Counsel for Plaintiff CoA Institute*